IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERMAIN D. EVANS**                                                                             **PLAINTIFF**

**V.**                                  **NO. 4:22-cv-00458-JM**

**DAVID BEVIS, individually and in his
official capacities; CITY OF RUSSELLVILLE,
a Municipal Corporation and Public Body
Corporate and Politic; CHRIS HARGETT
in his official capacity as Chief of Police,
Russellville Police Department;
JEFF HUMPHREY, in his individual
and official capacity**                                                **DEFENDANTS**

## **ORDER**

Pending is the Defendant's motion to dismiss with prejudice for failure to prosecute. (Docket # 3). Plaintiff originally sued these Defendants in Pope County Circuit Court on January 28, 2020, based on an incident which he alleged occurred on February 27, 2018. That case was removed to this Court on June 17, 2020 and assigned Case No. 4:20CV00754 JM. The Defendants moved to dismiss the case without prejudice for failure to prosecute when Plaintiff failed to respond to written discovery requests after Plaintiff failed to timely respond. The Court granted the Defendants' motion on May 24, 2021.

On May 17, 2022, the Plaintiff refiled the Complaint in this Court. Pursuant to Fed. R. Civ. P. 4(m), Plaintiff was required to serve the Defendants on or before August 15, 2022. Plaintiff requested an extension of time for service on August 16, 2022. On the same date, the Court denied the Plaintiff's motion finding that the Plaintiff failed to demonstrate good cause or excusable neglect. Defendants now seek dismissal with prejudice. Plaintiff has filed a response

and asks the Court to order the dismissal without prejudice.

Because Plaintiff's Complaint has been previously dismissed without prejudice, the Plaintiff cannot invoke the Arkansas Savings Statute and the second dismissal will operate as an adjudication on the merits. Further, "a plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute, and a district court may dismiss an action on this ground" under Rule 41(b). *Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 738 (8th Cir. 2009)(citations omitted).

For these reasons, the Court finds that the dismissal in this case will operate as an adjudication on the merits. Defendants' motion to dismiss, docket #3 is GRANTED. Defendants' second motion to dismiss, docket # 9, is DENIED AS MOOT.

IT IS SO ORDERED this 19th day of October, 2022.

James M. Moody, Jr.
United States District Judge